**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JAMES SAVER MRDUTT, JR.,**

       **Plaintiff,**                 **CIVIL ACTION NO. 18-cv-10914**

       **v.**                             **DISTRICT JUDGE SEAN F. COX**

**COMMISSIONER OF**             **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff James Saver Mrdutt, Jr. seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **GRANTED IN PART** and **DENIED IN PART**, Defendant's Motion for Summary Judgment (docket no. 17) be **DENIED**, and this matter be remanded for proper

consideration of the VA's decision and the VA medical examiner's opinion regarding Plaintiff's wrist-related functional limitations.

## II. PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on October 14, 2014, alleging that he has been disabled since September 1, 2012, due to post-traumatic stress disorder (PTSD), sleep apnea, and shoulder/wrist problems. (TR 31, 181-87, 243.) Plaintiff subsequently amended his alleged onset date to October 7, 2014. (TR 188-89.) The Social Security Administration denied Plaintiff's claims on April 10, 2015, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge (ALJ). (TR 82-94, 99-100.) On March 6, 2017, Plaintiff appeared with a representative and testified at a hearing before ALJ Christopher J. Mattia. (TR 50-81.) The ALJ subsequently issued an unfavorable decision on April 12, 2017, and the Appeals Council declined to review the ALJ's decision. (TR 1-6, 31-42.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 15 at 5-20) and the ALJ (TR 33-41) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Defendant adopts the ALJ's recitation of the facts. (Docket no. 17 at 4.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between Plaintiff's and the ALJ's recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

**IV.	ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of October 7, 2014, and that Plaintiff suffered from the following severe impairments: PTSD, obesity, and obstructive sleep apnea. (TR 33.) The ALJ also found that Plaintiff's bilateral shoulder pain status post bilateral shoulder surgeries, status post right wrist fusion surgery, left ulnar nerve entrapment, and back pain were non-severe impairments and that Plaintiff's tinnitus was not a medically determinable impairment. (TR 33-35.) Additionally, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 35-36.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to lift or carry 10 pounds frequently and 20 pounds occasionally; stand and walk for six hours during an eight-hour workday; sit for six hours during an eight-hour workday; push or pull within the aforementioned weight restrictions; perform work in a very quiet to moderate environment with a noise level defined as a noise level of one to three as stated in the Selected Characteristics of Occupations; understand, carryout, and remember simple instructions; occasionally interact with coworkers and supervisors; and never interact with the general public.

(TR 36-40.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 41.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from October 7, 2014, through the date of the decision. (TR 31, 41-42.)

**V.	LAW AND ANALYSIS**

    **A.	Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal

3

standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.  Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.  Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of

the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed for an award of benefits or remanded for further proceedings under sentence four because the ALJ (1) did not consider or weigh the Department of Veterans Affairs's (VA's) disability decision; and (2) did not consider Plaintiff's status post bilateral shoulder surgeries, status post right wrist surgery, and chronic lumbar spine pain to be severe impairments or include Plaintiff's functional limitations resulting therefrom in his assessment of Plaintiff's RFC. (Docket no. 15 at 3, 21-26.)

*1. The ALJ's Consideration of the VA's Disability Decision*

Plaintiff contends that the ALJ erred by failing to consider or weigh the VA's finding of disability in the decision. (Docket no. 15 at 21-23.) The Social Security Administration's (SSA's) regulations provide that decisions regarding disability made by another governmental agency, such as the Department of Veterans Affairs, are not binding on the SSA because they are based on the other agency's rules regarding disability, not the rules of the SSA. 20 C.F.R. § 404.1504. Social Security Ruling (SSR) 06-03p further provides that "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner," and the fact that other agencies may apply different rules and standards for determining disability "may limit the relevance of a determination of disability made by another agency." SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006). Nevertheless, SSR 06-03p also instructs that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." *Id*., at *6. This is because such decisions, and the evidence offered in

6

support, "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." *Id.*, at *7. Thus, the ALJ "should explain the consideration given to these decisions in the notice of decision." *Id.*[1]

The Sixth Circuit has clarified that "an ALJ *must* at least consider a VA's disability decision and explain reasons for the weight she assigns to it." *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 310 (6th Cir. 2018) (emphasis added) (citing *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 388 (6th Cir. 2013) (citing SSR 06-03p)). The Sixth Circuit has not, however, "specified the weight such a determination should carry when determining social security disability eligibility." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013).

Plaintiff correctly asserts that the ALJ did not explicitly consider or weigh the VA's decision in his notice of decision. Defendant concedes this point but argues that the ALJ implicitly considered the VA's decision by acknowledging Plaintiff's submission of the VA's decision at the administrative hearing; explicitly determining Plaintiff's RFC "[a]fter careful consideration of the entire record;" considering Plaintiff's medical records from the VA, some of which refer to the VA's disability ratings; and evaluating the medical opinions of the state-agency reviewers, who, in turn, explicitly considered the VA's disability ratings. (Docket no. 17 at 8-10 (citing TR 33-38, 53, 85, 89, 91, 502, 542-795, 817, 876-77).) While the ALJ may have implicitly considered the VA's decision, implicit consideration is not enough, as an ALJ must consider, weigh, and explain the reasons for the weight given to a VA decision. *See Joseph, LaRiccia, supra.* The ALJ did not do so here.

---

[1] The current version of 20 C.F.R. § 404.1504 provides that "in claims filed . . . on or after March 27, 2017, [the SSA] will not provide any analysis in [its] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant is] disabled, blind, employable, or entitled to any benefits." SSR 06-03p has also been rescinded, which rescission is effective for claims filed on or after March 27, 2017. 82 FR 15263-01. Because Plaintiff filed his claim before March 27, 2017, this matter proceeds under the previous version of 20 C.F.R. § 404.1504 and SSR 06-03p, as set forth above.

Defendant argues that even if the ALJ's consideration of the VA's decision was inadequate, any error committed by the ALJ is harmless because the VA provided only a limited explanation for its decision. (Docket no. 17 at 10-11.) In support of this argument, Defendant cites *Vanderpool v. Comm'r of Soc. Sec.*, which pointed out that "courts have held that when [another] agency's decision presents only bare conclusions or approval of disability benefits, without any medical opinions or underlying reasons or standards supporting such a finding, an ALJ's failure to consider that decision is harmless." No. 12-13727, 2013 WL 5450276, at *1 (E.D. Mich. Sept. 30, 2013) (collecting cases). To the extent that this principle outlined in *Vanderpool* applies to VA decisions in light of the latter-decided Sixth Circuit decisions in *Joseph* and *LaRiccia*, it does not apply to the facts of the instant matter. Here, the VA's decision provides an explanation for its finding of disability based on Plaintiff's symptoms and functional capabilities. (TR 215-17.) And although the explanation is somewhat limited as Defendant suggests, the VA's decision also cites the medical evidence on which it is based, the majority of which is included in the administrative record in this matter. (TR 221.) Thus, the ALJ's failure to consider and weigh the VA's decision in accordance with the regulations is not harmless error. Plaintiff's Motion should therefore be granted in this regard, and this matter should be remanded for proper consideration of the VA's decision.

In this section of his brief, Plaintiff attempts to explain how the VA's disability determination would correlate with an SSA disability determination by citing and discussing a Mental Medical Source Statement completed by his treating psychologist, Amie Paradine, Psy.D. (Docket no. 15 at 22-23 (citing TR 20-27).) Plaintiff also argues that the ALJ failed to properly consider Dr. Paradine's opinion in accordance with the treating physician rule. (*Id.* at 23.) Plaintiff, however, submitted Dr. Paradine's Medical Source Statement to the SSA approximately

two weeks after the ALJ issued his decision in this matter. Thus, it is unclear how the ALJ could have considered Dr. Paradine's opinion when it was not part of the record at the time the ALJ issued his decision. Additionally, the Sixth Circuit "has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, Plaintiff has not moved for a sentence-six remand for the consideration of Dr. Paradine's opinion. Even if he had, he has not met his burden of demonstrating that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Accordingly, Dr. Paradine's Medical Source Statement will not be considered in this review of the ALJ's decision, and a recommendation for a sentence-six remand for consideration thereof will not issue. Plaintiff's Motion should be denied with respect to Dr. Paradine's opinion.

> 2. *The ALJ's Consideration of Plaintiff's Shoulder, Wrist, and Back Impairments*

Plaintiff argues that the ALJ erred by determining that his shoulder, wrist, and back impairments were non-severe at step two of the sequential evaluation process. (Docket no. 15 at 23-26.) A severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (citation omitted). But the step-two severity analysis is simply a threshold determination. It is well established that "once any one

9

impairment is found to be severe, the ALJ must consider both severe and nonsevere impairments in the subsequent steps," and it becomes "legally irrelevant" that other impairments are not considered severe. *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (citing *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)). This is so because the second step is designed simply to screen out and dispose of baseless claims. *Anthony*, 266 F. App'x at 457. Stated differently, as long as the ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, the ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Here, the ALJ determined that Plaintiff's bilateral shoulder pain status post bilateral shoulder surgeries, status post right wrist fusion surgery, and back pain were not severe impairments. (TR 33-34.) The ALJ then discussed medical evidence related to those impairments and reasoned that the evidence regarding Plaintiff's bilateral shoulders and right wrist did not indicate more than minimal limitations and that those minimal findings were inconsistent with Plaintiff's allegations of disabling symptoms. (TR 33-34.) The ALJ also reasoned that the evidence regarding Plaintiff's lower back pain was generally unremarkable. (TR 34.) The ALJ nevertheless explicitly accounted for Plaintiff's shoulder, wrist, and back impairments by limiting him to performing light work with corresponding pushing and pulling limitations. (TR 34.) Because the ALJ considered and accounted for these impairments in assessing Plaintiff's RFC, it is legally irrelevant that the ALJ did not find them to be severe impairments at step two of the sequential evaluation process. Accordingly, under *McGlothin* and *Maziarz*, Plaintiff's step-two challenge fails.

Plaintiff also argues that the ALJ erred by failing to include functional limitations related to his shoulder, wrist, and back impairments in the RFC assessment. The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5. It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id*. He must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7. In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis. *Id.* The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. However, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence that he finds to be well supported and consistent with the record as a whole.

Plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments through step four of the sequential evaluation process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Her*, 203 F.3d at 391. Accordingly, it is Plaintiff's burden to prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her*, 203 F.3d at 392).

Plaintiff challenges the evidence that the ALJ relied upon in determining Plaintiff's physical RFC as outdated and insufficient. (Docket no. 15 at 24.) Plaintiff asserts that the ALJ did not consider the records reflecting a reduced range of motion in Plaintiff's shoulders or any of

11

the records from the physical therapy Plaintiff received for his back. (*Id*. (citing TR 639-59, 816-18, 820-28, 830-32, 834-53, 855-57, 859-62)).) But the ALJ's decision reflects that he explicitly discussed Plaintiff's reduced range of motion in his shoulders, citing the same records as Plaintiff. (TR 33 (citing TR 644-48)). And the ALJ did explicitly discuss one of Plaintiff's physical therapy records. (TR 34 (citing TR 816).) Plaintiff does not cite any additional medical evidence that the ALJ should have considered with regard to his shoulder and back impairments. Moreover, Plaintiff does not indicate what additional functional limitations the ALJ should have included in his assessment of Plaintiff's physical RFC to account for Plaintiff's shoulder and back impairments. Therefore, Plaintiff has not met his burden of showing that these impairments result in any more than the light exertional limitations assessed by the ALJ, *see Jones, Her, supra*, and Plaintiff's Motion should be denied in this respect.

With regard to his wrist impairment, however, Plaintiff asserts that the ALJ failed to consider the records reflecting that he had a limited range of motion in his right wrist and the functional limitations assessed by the VA's medical examiner as a result thereof. (Docket no. 15 at 24 (citing TR 659-76).) Specifically, the VA's medical examiner opined that Plaintiff's wrist condition impacted his ability to work by limiting his ability to lift objects to no more than 10 pounds and by causing him difficulty with twisting and turning objects. (TR 671.) The ALJ did explicitly cite the record that contains this opinion when he noted that the x-rays of Plaintiff's right wrist were unremarkable. (TR 34 (citing TR 671).) Nevertheless, it is not apparent that the ALJ considered the opinion. An ALJ must consider all medical opinions provided in the record, 20 C.F.R. § 404.1527(c). Therefore, the undersigned finds that this matter also warrants remand. Upon remand, the ALJ should consider and explain the weight given to the VA medical examiner's opinion regarding Plaintiff's wrist-related functional limitations.

In this portion of his brief, Plaintiff also challenges the weight that the ALJ assigned to his treating psychiatrist, the consultative psychologist, and the state-agency reviewers, but he does not fully develop any arguments in this regard. (Docket no. 15 at 25-26.) Because the assessments of the medical opinion evidence will potentially change upon remand relative to the proper consideration of the VA's disability decision, the opinion of the VA's medical examiner, and the medical evidence related thereto, judicial economy favors deferring analysis of Plaintiff's remaining claims of error.[2]

## VI. CONCLUSION

For the reasons stated herein, the court should **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Summary Judgment (docket no. 15), **DENY** Defendant's Motion for Summary Judgment (docket no. 17), and remand this matter for proper consideration of the VA's disability decision and the VA medical examiner's opinion regarding Plaintiff's wrist-related functional limitations.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with

---

[2] In the last sentence of his brief, Plaintiff attempts to incorporate the arguments he made to the Appeals Council into his Motion for Summary Judgment, purportedly due to the page constraints of his brief. (Docket no. 15 at 26.) It is improper to present issues to the court for judicial review in this manner, so Plaintiff's arguments to the Appeals Council will not be considered. *See* Eastern District of Michigan Local Rule 7.1(d).

specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 19, 2019    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: February 19, 2019    s/ Leanne Hosking
Case Manager